IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 08-659 |
| | : | |
| TERRANCE CHATMAN | : | |

## **MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                              **June 7, 2011**

On November 3, 2010, Defendant Terrance Chatman was convicted of one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a), one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 924(g)(1). On April 18, 2011, this Court sentenced Chatman to a total of 360 months of imprisonment. Judgment was entered a week later on April 25, 2011. That same day, Chatman, who was represented by counsel at the time,[1] filed a pro se "Motion for Correcting Clear Error Pursuant to Rule 35(a)." This Court's practice is to deny pro se motions filed by parties who are represented by counsel; however, the Court did not act on Chatman's motion within 14 days after sentencing, as required by Federal Rule of Criminal Procedure 35(a). *See* Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.").

Following expiration of the 14-day period in which a court may correct a sentence pursuant

---

[1] On April 29, 2011, Chatman's attorney filed a motion to withdraw, which this Court granted by Order of May 3, 2011, in which the Court appointed new counsel for Chatman pursuant to the Criminal Justice Act.

to Rule 35(a), this Court lost jurisdiction to act on the motion. *See United States v. Higgs*, 504 F.3d 456, 464 (3d Cir. 2007) (holding the time limit in which to act on a Rule 35(a) motion is jurisdictional). Had the Court addressed Chatman's pro se Rule 35(a) motion within the 14-day period, the Court would have denied the motion, both because Chatman was represented by counsel when he filed the motion[2] and because the issues raised therein lack merit. Accordingly, after a teleconference with the parties, the Court submits this advisory memorandum setting forth the reasons it would have denied Chatman's motion on the merits.

Chatman first argues this Court should have applied the Fair Sentencing Act of 2010 (FSA), which amended 21 U.S.C. § 841(b)(1) to increase the quantities of crack cocaine necessary to trigger the mandatory minimum sentences set forth therein, in sentencing him. Although district courts around the country are split as to whether the FSA should apply retroactively to defendants who, like Chatman, are sentenced after the statute's August 3, 2010, effective date for offenses committed before that date, the district courts in this Circuit have uniformly held the FSA does not apply retroactively in such cases. *See United States v. Hernandez-Perez*, No. 10-634-2, 2011 WL 2134980, at *1 (E.D. Pa. May 20, 2011); *United States v. Gadson*, No. 08-248, 2011 WL 542433, at *3 (W.D. Pa. Feb. 8, 2011); *United States v. Dickey*, 759 F. Supp. 2d 654 (W.D. Pa. 2011); *United States v. Jesus-Nunez*, No. 10-17-1, 2010 WL 5422604, at *2 (M.D. Pa. Dec. 27, 2010); *United States v. Burgess*, No. 09-150, 2010 WL 5437265, at *3 (W.D. Pa. Dec. 27, 2010); *United States v.*

---

[2] *See United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008) ("The Constitution does not confer a right to proceed simultaneously by counsel and pro se, and the District Court was not obligated to consider [the defendant's] pro se motions in light of his being represented by counsel on direct appeal."); *United States v. Vampire Nation*, 451 F.3d 189, 206 n.17 (3d Cir. 2006) (noting a district court was within its authority to order the Clerk of Court not to accept any further pro se filings by a defendant who was represented by counsel).

*Crews*, 755 F. Supp. 2d 666, 672 (W.D. Pa. 2010). The Seventh Circuit has reached the same conclusion.[3] *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011) (holding the FSA does not apply retroactively and that "the relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of sentencing"). Moreover, applying the FSA would not have affected Chatman's sentence in any event. Even if Chatman had not been subject to a mandatory minimum sentence on the crack cocaine charge, because he was found to be an armed career criminal under 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4, he was subject to a 15-year mandatory minimum sentence on the § 924(g) count, and his effective advisory guideline range was 322 to 387 months on all counts. In addition, the sentence imposed was 360 months, well in excess of the mandatory minimum sentence for the crack cocaine charge. *Cf. United States v. Zimmerman*, 80 F. App'x 160, 165-66 (3d Cir. 2003) (holding any error in calculating a defendant's mandatory minimum sentence was "legally irrelevant" where both the defendant's guideline range and actual sentence were well above the mandatory minimum and where the district court stated the mandatory minimum was irrelevant to the sentence imposed).

Chatman also argues this Court erred in finding he is an armed career criminal based on his July 1996 conviction for various drug offenses. A defendant qualifies as an "armed career criminal" for purposes of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." § 924(e)(1); *see also* § 4B1.4(a) (stating "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal"). A "serious drug

_____

[3] This issue is currently before the Third Circuit in *United States v. Jackson*, No. 10-4271 (3d Cir. filed Nov. 3, 2010).

offense" includes, *inter alia*, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii). The second revised Presentence Investigation Report (PSR), issued on April 14, 2011, concluded Chatman's July 1996 conviction qualified as three previous convictions for a serious drug offense because the offenses for which Chatman was convicted occurred on three separate occasions. Specifically, Chatman was convicted of multiple counts of manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance based on his sales of cocaine to a confidential informant on June 7 and June 12, 1995, and one count of criminal conspiracy to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance based on law enforcement officers' seizure of cocaine, drug paraphernalia, and cash from Chatman's residence on July 20, 1995. PSR, Apr. 14, 2011, ¶¶ 45-47 & n.5. Although Chatman objected to his classification as both an armed career criminal and a career offender in an earlier version of the PSR, after reviewing the second revised PSR and the applicable statute and speaking with the probation officer, Chatman's counsel stated at the sentencing hearing that the defense no longer objected to Chatman's classification as an armed career criminal. At the April 18, 2011, sentencing hearing, this Court adopted the PSR, including the finding Chatman is an armed career criminal within the meaning of § 924(e) and § 4B1.4. *Id.* ¶ 37.

Insofar as Chatman argues he does not qualify as an armed career criminal because his July 1996 convictions arose out of "the same arrest, same occasion, and with no intervening arrest," Rule 35(a) Mot. 4, this argument is incorrect. The Third Circuit applies a "separate episode" approach to determining whether criminal convictions may be counted for purposes of the armed career

4

criminal sentencing enhancement. *See United States v. Schoolcraft*, 879 F.2d 64, 73-74 (3d Cir. 1989) (finding persuasive the reasoning of decisions adopting the separate episode test). Under this approach, individual convictions imposed in a single judicial proceeding may be counted for purposes of the enhancement "so long as the criminal episodes underlying the convictions were distinct in time." *Id.* at 73. Here, while the three drug convictions at issue arose out of a single arrest and guilty plea, the underlying offenses occurred on three different dates several days or weeks apart, and the offenses therefore qualify as separate predicate offenses under § 924(e)(1) and § 4B1.4. *See United States v. Crump*, 229 F. App'x 186, 188-89 (3d Cir. 2007) (holding drug offenses committed several days apart were separate convictions for purposes of the armed career criminal enhancement even though the defendant was arrested and pleaded guilty to the two offenses at the same time).

Chatman also appears to argue he is not an armed career criminal because his July 1996 conviction was for crimes committed on only two separate occasions: drug sales to a confidential informant on June 12, 1995, and the seizure of drugs, drug paraphernalia, and cash on July 20, 1995. In making this argument, however, Chatman relies on an earlier version of the PSR, issued on March 15, 2011. PSR, Mar. 15, 2011, ¶¶ 45-46. The March 15 PSR was later revised in response to objections raised by Chatman in his sentencing memorandum, and the second revised PSR clarified that Chatman's July 1996 conviction also included an offense committed on June 7, 1995. PSR, Apr. 14, 2011, ¶¶ 45-47 & n.5. Chatman's objection therefore lacks merit.

Finally, Chatman objects that the sentencing hearing was held less than 35 days after the revised PSR was issued, in violation of Federal Rule of Criminal Procedure 32(e)(2), which requires the probation officer to give the PSR "to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum

5

period." Fed. R. Crim. P. 32(e)(2). Here, Chatman's PSR was prepared on February 23, 2011, and revised on March 15, 2011. Although sentencing was originally scheduled for March 24, 2011, on March 16, at defense counsel's request, this Court continued the sentencing hearing. After receiving Chatman's sentencing memorandum on April 1, 2011, in which Chatman objected for the first time to his classification in the PSR as both a career offender and an armed career criminal, this Court continued the sentencing hearing further to April 18, 2011, to permit the probation officer to respond. The probation officer issued a second revised PSR on April 14, 2011, concluding Chatman was not a career offender but, based on a revised analysis of his criminal history, was an armed career criminal.

The April 18 sentencing hearing in this case thus occurred more than 35 days after the original PSR was prepared on February 23, but less than 35 days after the revised PSR and the second revised PSR were issued on March 15 and April 14, respectively. Even assuming the 35-day minimum required notice period applies not only to the original PSR but to any revised PSRs as well,[4] Chatman has not shown he was prejudiced as a result of the Court's failure to continue the sentencing hearing further. *See United States v. Biafore*, 336 F. App'x 228, 231 (3d Cir. 2009) ("A failure to provide the notice required by Rule 32 'may be considered harmless unless the defendant

---

[4] It is not at all clear this is the case. In addition to requiring disclosure of the PSR to the defendant and counsel for both parties "at least 35 days before sentencing," Rule 32 requires the parties to provide written objections to the PSR to the opposing party and the probation officer within 14 days after receiving the PSR. Fed. R. Crim. P. 35(e)(2), (f). The Rule then requires the probation officer to submit the PSR, together with "an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them," to the court and the parties at least seven days before sentencing. Fed. R. Crim. P. 35(g). This sequence of events suggests it is the original PSR, rather than the revised PSR, which must be disclosed at least 35 days before sentencing. *See United States v. McElrath*, 253 F. App'x 866, 870 (11th Cir. 2007) (noting "Rule 32's sequence of timing for receiving and objecting to a [PSR] . . . suggests that the [35] day requirement applies only to the original [PSR]").

can prove that he would have done things differently had notice been given.'" (citation omitted)). Chatman suggests he was prejudiced by the Court's failure to give his counsel notice of its intent to consider his July 2006 conviction as three previous convictions "because discussion with counsel would have negated the need to now inform the Court that the July 30, 1996 drug convictions are from the same arrest, same occasion, and with no intervening arrest." Rule 35(a) Mot. 4. But, as set forth above, the fact the convictions arose out of the same arrest does not preclude the convictions from counting as separate predicate offenses for purposes of the armed career criminal enhancement. Moreover, when the second revised PSR, in which the probation officer concluded Chatman was an armed career criminal based on his July 1996 convictions, was circulated to Chatman's counsel prior to the sentencing hearing on April 18, defense counsel did not request a further continuance of the sentencing hearing. Rather, after reviewing the second revised PSR and the applicable statute, speaking to the probation officer, and discussing the PSR with Chatman, defense counsel agreed Chatman was properly classified as armed career criminal and stated he had no further objection to the PSR. In these circumstances, failure to provide the revised PSRs to Chatman at least 35 days before sentencing does not provide a basis to correct Chatman's sentence.

For the foregoing reasons, had this Court ruled on Chatman's pro se motion for correcting clear error pursuant to Rule 35(a) within 14 days after sentencing, the Court would have denied the motion.

BY THE COURT:


    /s/ Juan R. Sánchez
Juan R. Sánchez, J.